In the Matter of the Application of WALTER H. CHURCH, Petitioner, for a Mandamus Order against LEANDER A. BOUYEA, Mayor of the City of Plattsburg, and Others, Defendants.

Supreme Court, Clinton County, August 1, 1935.

*Harry P. Kehoe*, for the City of Plattsburg.

*Patrick J. Tierney*, for the petitioner.

LAWRENCE, J. This proceeding seeks to compel the authorities of the city of Plattsburg, and particularly the chief of the fire department, to approve the application of the petitioner to install and maintain three 1,000 gallon gas tanks at 41 Broad street in Plattsburg, N. Y. This matter came before the Special Term at Plattsburg June 14, 1935. At that time petition for alternative order of mandamus was presented to the court with accompanying papers. The city of Plattsburg appeared by attorney and filed objections to the issuance of the writ or order on grounds substantially the same as urged at this time. Alternative mandamus order was granted. The city now presents similar objections in point of law, claiming the right to do so, before making return to the order under section 1322 of the Civil Practice Act.

The petition alleges that the petitioner has an option to purchase and is entitled to the possession and control of the premises at 41 Broad street and has plans for a building to be used in the operation of a gas station on the premises. The petition alleges that the city has no zoning ordinance and that the premises at 41 Broad street are outside the fire limits. Ordinances of the city, adopted August 16, 1929, deal with the storage of inflammable material outside the fire limits and provide, among other things, for the location of tanks and the conduct of the business. These city ordinances further provide that any person storing, or proposing to store inflammable material in excess of five gallons shall make written application to the chief of the fire department, who shall forthwith inspect the premises proposed to be used for such storage or sale, and if the conditions are such that the intent of the ordinance can be observed, he shall issue a permit that such sales, storage or distribution may be conducted. The ordinance dealing with such situation was amended June 29, 1934, by providing that no

application for such permit should be approved by the chief of the fire department until the application for such permit should be presented to the common council " for its consideration."

The petition further alleges that the petitioner is willing to abide by all rules and regulations enacted by the common council for the sale and storage of inflammable material. The petition further alleges that on April 5, 1935, petitioner's application for the installation of the storage tanks was presented to the common council for its consideration and that the application was rejected by the council. The petition further alleges that the premises at 41 Broad street are not located in a district entirely devoted to residential purposes but that business enterprises are conducted in the immediate vicinity, and that permits to install storage tanks for inflammable materials in locations similarly situated have been approved. It further alleges that the storage of gasoline on the premises in question is not objectionable and that the action of the common council was arbitrary and discriminatory and that the refusal of the chief of the fire department to approve the petitioner's application is arbitrary and constitutes an unfair discrimination against the petitioner.

The objections in point of law now urged by the city may be reduced to two primary objections: (1) That the option to purchase gives the holder no right to seek mandamus against the city officials in the instant case; (2) that the common council having considered the application and rejected it, the court cannot review or destroy their discretionary action.

Taking up the first numbered objection, it may be observed that an option is a right possessed by the holder of it, which entitles him to enjoy alone and without interference from the owner of the premises or any other person the rights which it secures to him. What rights the option in the instant case secures is not before the court, except the allegation in the petition which recites that the petitioner has an option to purchase and is entitled to the possession and control of the premises in question and intends to engage in and has plans for a building to be used in the business of operating a gas station on the premises. This statement must be taken as true for present purposes and would seem to answer the objection urged at this time.

Referring to the second numbered objection, it may be observed that the ordinance of August 16, 1929, had no reference to any contemplated action by the common council. It provided for an inspection by the chief of the fire department and further provided that if he determined that the intent and object of the ordinance could be secured, he should approve the application. This object

seems to be primarily one of safety. By an amendment to the ordinance he was not to approve the application until it had been presented to the common council for its consideration. Assuming, but not deciding, that the term " for its consideration " is equivalent to " for its approval," the fact still remains that final approval is to be made by the chief of the fire department. Whether under the circumstances here failure to approve is discriminatory will depend upon the facts. As already stated, it would seem that under the ordinance the chief of the fire department should inspect the premises and approve the application, if the intent and object of the ordinance can be observed. Whether final order of mandamus should be granted is not now before the court.

In view of the statements in the petition, which are not controverted on this application, the objections in point of law are overruled and the city is directed to make return according to law.